UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE FULLOVE,<br><br>    Plaintiff,<br><br>v.<br><br>SHALUINN FULLOVE,<br><br>    Defendant. | Case No. 24-cv-02616-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT; GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 45, 51 |

Now before the Court is Defendant Shaluinn Fullove's motion to dismiss the Second Amended Complaint. Also before the Court is Plaintiff's motion for leave to file a third amended complaint. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. Civ. L.R. 7-1(b). For the following reasons, the Court hereby GRANTS Defendant's motion to dismiss, without prejudice, and GRANTS Plaintiff's request for leave to file a third amended complaint.

**BACKGROUND**

Plaintiff and Defendant are mother and daughter. (Dkt. No. 33-3, Second Am. Compl. ("SAC"), ¶ 5.) In 2017, Defendant and her now ex-husband placed a deposit on a new-construction condominium in Boulder, Colorado (the "Condo"). (*Id.* ¶ 9.) Sometime thereafter, Defendant and her ex-husband separated. (*Id.*)

In the spring of 2019, Defendant asked Plaintiff to "go in on" the Condo together, because Defendant knew that Plaintiff "had been looking for a second property." (*Id.*) Plaintiff and Defendant agreed to split equally the monthly expenditures for the Condo. (*Id.*) Plaintiff and Defendant also discussed Plaintiff investing a lump sum as an initial payment. (*Id.*)

Escrow closed on the Condo on July 31, 2019. (*Id.* ¶ 12.) Between August 29, 2019 and

September 2, 2019, Plaintiff and Defendant together picked up the keys to the completed Condo and "started setting up house." (*Id.* ¶ 13.) Plaintiff and Defendant decorated the Condo with the intention of making it their "Happy Place." (*Id.* ¶ 19.)

During the August-September 2019 visit, Plaintiff orally told Defendant that she could give Defendant $145,000 as a 15 percent deposit on the Condo. (*Id.*) The parties "also discussed the approximate monthly costs, only allowing family and friends to use the condo, and possibly renting it out in the future," as well as a right of first refusal in the event of sale and splitting profits or losses equally. (*Id.*) On September 4, 2019, Plaintiff wired $145,000 to Defendant. (*Id.*)

The parties jointly visited the Condo seven times in 2019. Defendant acted as the financial records keeper and accountant, and she forwarded emails to Plaintiff from the HOA Board and property management company. (*Id.* ¶ 21.) Defendant set up the Google Home App with a Nest thermostat and security cameras, and she gave Plaintiff access to the app. (*Id.* ¶ 22.)

On November 19, 2019, Defendant called Plaintiff and "said she urgently needed [Plaintiff] to sign a document to protect the $145,000" wire from Defendant's divorce settlement. (*Id.* ¶ 24.) Defendant emailed Plaintiff a promissory note dated November 9, 2019, and she asked Plaintiff to sign and return as soon as possible. (*Id.* ¶ 24.) Plaintiff returned a signed copy of the note later the same day. (*Id.* ¶ 25.)

In December 2019, Defendant created and shared with Plaintiff a Google Sheets spreadsheet for the Condo operating expenses. (*Id.* ¶ 26.) From December 2019 through September 2021, Plaintiff sent 50 percent of the monthly expenses to Defendant via Zelle. (*Id.* ¶¶ 27-48.)

During that time period, Plaintiff participated in HOA meetings and votes as an owner. (*Id.* ¶¶ 56-60, 68, 78.) Defendant suggested Plaintiff join the HOA Board. (*Id.* ¶ 58.)

In September 2021, Defendant removed Plaintiff's access to the Google Sheet and stopped sending Plaintiff the monthly operating expense reports. (*Id.* ¶ 48.) From that time forward, Defendant obstructed Plaintiff's access to the Condo by requiring Plaintiff to make sure the Condo was unoccupied before use. (*Id.* ¶ 49.) Plaintiff nevertheless stayed at the Condo on four

1   occasions between September 2021 and December 2023.  (*Id.* ¶ 50.)

2         In August 2022, Defendant's divorce finalized, and Defendant was awarded the Condo as
3   separate property.  (*Id.* ¶ 16.)

4         Plaintiff stopped contributing to monthly expenses until June 2023, when Plaintiff and her
5   guests stayed at the Condo for two weeks.  (*Id.* ¶ 50.)  Plaintiff also paid for a plumber to
6   investigate wall cracks for suspected water damage.  (*Id.* ¶ 73.)

7         On April 21, 2024, Plaintiff emailed Defendant that Plaintiff would be using the Condo in
8   June 2024.  (*Id.* ¶ 89.)  Defendant responded that there were conflicts and the Condo would not be
9   available.  (*Id.*)  When Plaintiff inquired when the Condo would be available, Defendant
10  responded by calling Plaintiff and informing her that the Condo would no longer be available to
11  Plaintiff for use.  (*Id.*)

12        Based on these allegations, Plaintiff brings six causes of action against Defendant: (1)
13  financial elder abuse in violation of California's Elder Abuse Act, Cal. Welf. & Inst. Code section
14  15600 *et seq.*; (2) breach of express joint venture agreement; (3) breach of implied joint venture
15  agreement; (4) breach of fiduciary duty; (5) intentional misrepresentation; and (6) conversion.

16  **ANALYSIS**

17  **A.   Legal Standards Applicable to Motions to Dismiss.**

18        A complaint must contain a "short and plain statement of the claim showing that the
19  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[D]etailed factual allegations are not
20  required" to survive a motion to dismiss if the complaint contains sufficient factual allegations to
21  "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129
22  S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.
23  1955, 167 L.Ed.2d 929 (2007)).  "Labels and conclusions[] and a formulaic recitation of the
24  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

25        When a party moves to dismiss for failure to state a claim under Rule 12(b)(6), a district
26  court accepts as true all well-pleaded material facts and draws all reasonable inferences in favor of
27  the plaintiff.  *Faulkner v. ADT Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).  A district court
28  should grant leave to amend unless the court determines the pleading could not "possibly be cured

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.     The Court Denies Defendant's Request for Judicial Notice, but Finds the Promissory Note Incorporated by Reference.**

District courts may consider materials outside the pleadings without converting a motion under Rule 12(b)(6) to a motion for summary judgment under Rule 12(d) when the materials are incorporated by reference or subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Exhibits attached to the complaint are considered part of the complaint and incorporated by reference. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (holding district court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice").

The promissory note dated November 9, 2019 was attached to the SAC as Exhibit 6 and cited numerous times within the SAC. In Plaintiff's version of the note, there is no signature from Defendant. Plaintiff relies on the note in alleging her elder abuse claims. The Court finds that the note is incorporated by reference into the SAC, and the Court will consider the note in resolving the motion to dismiss.

Defendant seeks judicial notice of a version of the promissory note signed by both Plaintiff and Defendant. (Dkt. No. 46, Request for Judicial Notice, at Ex. 1.) This version is not attached to or incorporated by reference into the SAC. The SAC alleges that Plaintiff never received a countersigned version of the note. (SAC ¶ 24.) The versions of the note attached to the original Complaint and First Amended Complaint are also not signed by Defendant. (*See* Dkt. No. 1, Compl., Ex. 1; Dkt. No. 25, Am. Compl., Ex. 1.) Given this discrepancy, the authenticity of Defendant's version of the promissory note is not beyond dispute. Accordingly, the Court denies Defendant's request for judicial notice, and it does not rely on Defendant's version of the promissory note in resolving the motion to dismiss.[1]

---

[1] Defendant misrepresented to the Court that the promissory note was not attached to the SAC. (Dkt. No. 46, Request for Judicial Notice, at 1:18-21.) Defendant is warned that further misrepresentations may result in an order to show cause why sanctions should not be imposed.

**C.    The Statute of Frauds Bars Plaintiffs' Claims as Currently Pleaded.**

Defendant argues that all of Plaintiff's claims fail because they are premised on an oral agreement for an interest in real property, which is invalid under the statute of frauds. California's statute of frauds requires agreements "for the sale of real property, or of an interest therein" to be "in writing and subscribed by the party to be charged." Cal. Civ. Code § 1624(a)(3). Text messages, instant messages, and other electronic messages "of an ephemeral nature" are "insufficient . . . to constitute a contract to convey real property" under the statute. *Id.* § 1624(d).

Plaintiff does not dispute that the agreement was oral. Plaintiff claims that the agreement is nevertheless valid because it falls into three potential exceptions to the statutory bar: (1) the joint venture exception; (2) partial performance; or (3) estoppel. To the extent the statute of frauds does apply, Plaintiff contends that any unenforceable provisions of the oral agreement may be severed.

The Court agrees with Defendant: as pleaded, the statute of frauds bars relief.

**1.    The Joint Venture Exception to the Statute of Frauds Does Not Apply.**

California law recognizes "a distinction between an interest in the land itself and an interest in the money obtained from the sale of the land." *Miller v. Lerdo Land Co.*, 186 Cal. 1, 6 (1921). Creation or conveyance of the former requires a writing; creation or conveyance of the latter does not. *Dutton v. Interstate Inv. Corp.*, 19 Cal. 2d 65, 70 (1941). Plaintiff contends that the latter interest exists here, because she and Defendant agreed to form a joint venture to purchase the Condo.

"A joint venture is 'an undertaking by two or more persons jointly to carry out a single business enterprise for profit.' " *Weiner v. Fleischman*, 54 Cal.3d 476, 482 (1991) (quoting *Nelson v. Abraham*, 29 Cal.2d 745, 749 (1947)). The parties must have "[1] a joint interest, [2] in a common business undertaking, and [3] an understanding as to the sharing of profits and losses, and [4] a right of joint control." *Connor v. Great Western Sav. & Loan Ass'n*, 69 Cal.2d 850, 863 (1968). A joint interest exists where each party shares in the other's profits or losses. *Id.*

Plaintiff argues that a joint venture existed because she and Defendant agreed to the following terms:

5

> (1) Marianne would invest the sum of $145,000 into the joint venture, which was 15% of the purchase price of the Condo; (2) Marianne and Shaluinn would equally split the monthly operating expenses of the joint venture; (3) that only friends and family would be allowed to use the Condo in addition to Marianne and Shaluinn; (4) that if both Marianne and Shaluinn decided to sell the condo, they would split any profits and [l]osses equally; (5) that they could rent out the condo if both agreed and split the net rental proceeds after paying the mortgage; (6) that each would have equal access to the Condo; (7) each would have joint control over the Condo; (8) each would have joint participation in the management and control of the business of the Condo; (9) each would jointly furnish the Condo and (10) that if one of them wanted to sell their half, the other partner would have the right of first refusal.

(Dkt. No. 60, Opp., at 8:4-14 (citing SAC ¶¶ 13, 111).) These allegations account for a joint interest, an understanding of sharing profits and losses, and a right of joint control, but do not indicate the existence of a business undertaking.

The SAC suggests that the parties purchased the Condo for personal, not business, use. Plaintiff and Defendant agreed to each use the Condo for personal use and to permit friends and family to do the same. (SAC ¶ 13.) Plaintiff and Defendant decorated the Condo with the intention of making it their "Happy Place." (*Id.* ¶ 19.) Plaintiff does not allege plans to resell the Condo for profit. Any plans to rent out the Condo for profit were vague and indefinite. (*See, e.g.*, *id.* ¶ 20 (recounting text from Defendant to Plaintiff regarding cost of furniture "[if] we had renters in there at some point"); Opp. at 8:4-14 (noting the parties "could rent out the condo if both agreed" at some unspecified point).) Plaintiff does not claim that Defendant wrongfully withheld any profits, but rather that she was ousted from possession of the Condo. (SAC ¶ 76.)

Because—as currently pleaded—none of the allegations supports an inference that a business enterprise existed, Plaintiff cannot avoid the statute of frauds under the joint venture exception.

### 2. Plaintiff Did Not Partially Perform.

An oral agreement regarding real property may be enforceable if a party has (1) partially performed and (2) materially changed her position in reliance on the agreement. *Sutton v. Warner*, 12 Cal. App. 4th 415, 422 (1993). A buyer partially performs when she "has taken possession of the property *and either* makes a full or partial payment of the purchase price, *or* makes valuable and substantial improvements on the property, in *reliance* on the oral agreement." *Id.* (quoting 1

6

Miller & Starr, Cal. Real Estate 2d § 1:60, p. 168 (1989)) (emphasis in original). The part performance must "clearly relate to, and be pursuant to, the terms of the oral agreement." *Id.* "[P]ayment of money alone" does not constitute sufficient part performance to evade the statute of frauds. *Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2*, 167 Cal. App. 4th 544, 548 (2008), *as modified on denial of reh'g* (Nov. 3, 2008). The plaintiff's change in position must be "to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud." *Id.* at 555. However, "the mere failure to perform an oral promise to convey real property is not itself fraud." *Mazzera v. Wolf*, 30 Cal.2d 531, 535 (1947).

Plaintiff argues that she invested money, time, and energy into managing the Condo. The SAC includes allegations that Plaintiff was physically present for repairs, maintenance, and inspections, and that Plaintiff attended an HOA meeting as an owner. (SAC ¶¶ 47, 64.)

These allegations fail to rise to the level of "partial performance" required to take the oral agreement out of the statute of frauds for two reasons. First, Plaintiff fails to adequately allege possession of the Condo. Plaintiff does not contend, for example, that she had keys to the Condo or that she could use it at any time without Defendant's permission as a true owner would. Second, Plaintiff's allegations of spending time, energy, and money on the Condo fail to demonstrate "substantial improvements" to the property. Instead, they appear to reflect ordinary maintenance and care. *Compare Sutton*, 12 Cal. App. 4th at 423-24 (noting disputed issue of fact whether "painting the interior of the house and [] installation of a toilet and entry lamp" constituted "substantial improvements") *with* SAC ¶¶ 12, 20 (alleging Plaintiff helped "decorate" the Condo) *and id.* ¶¶ 71-74 (alleging Plaintiff noticed wall cracks and hired plumber to inspect).

By alleging only payment of money and surface improvements, Plaintiff has failed to invoke the partial performance exception to the statute of frauds.

### 3. Plaintiff Has Not Shown Estoppel Applies.

"To estop a defendant from asserting the statute of frauds, a plaintiff must show unconscionable injury or unjust enrichment if the promise is not enforced." *Jones v. Wachovia Bank*, 230 Cal. App. 4th 935, 944 (2014). The plaintiff must have "been induced by the [defendant] seriously to change his position in reliance on the contract," or, alternatively, the

7

defendant must be unjustly enriched by the plaintiff's performance. *Monarco v. Lo Greco*, 35 Cal.2d 621, 623 (1950). A defendant is unjustly enriched if the plaintiff has "a better legal or equitable right" to the benefit. *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 479 (2022) (quoting Rest. (3d) Restitution and Unjust Enrichment, § 48). This rule is "highly restrictive," and requires more than a showing that the "defendant's retention of payment as against the plaintiff violates rules of good faith, basic fairness, or common decency." *Id.* (internal marks omitted). If a plaintiff has legal means to recover money paid to the defendant, estoppel is inappropriate. *See Secrest*, 167 Cal. App. 4th at 557 (holding plaintiffs not entitled to estoppel where could recover downpayment on property through action in law).

Here, Plaintiff contends that Defendant would be unjustly enriched if the statute of frauds were to apply because Plaintiff "invested her time, energy and over $202,000.00 into the joint venture." (Opp., at 11:7-8.) Plaintiff further argues she forewent other investment opportunities, but she does not point to any allegations regarding specific opportunities.

These alleged facts do not show that Defendant did more than violate "rules of good faith, basic fairness, or common decency." *City of Oakland*, 83 Cal. App. 5th at 479. Plaintiff must allege something more to demonstrate that Defendant's retention of Plaintiff's money is unjust. Moreover, Plaintiff could recoup her investment through an action on the promissory note. *See Secrest*, 167 Cal. App. 4th at 557 (holding estoppel not available where money recoverable through legal means).

As currently pleaded, estoppel does not apply to bar the application of the statute of frauds.

**4.    The Oral Agreement Is Not Severable.**

Under California law, "[w]hen a promise that is not within the statute of frauds is coupled with one that is, the entire contract is unenforceable unless the promises are held 'divisible.' " *Polyanna Homes, Inc. v. Berney*, 56 Cal.2d 676, 678 (1961). A contract is generally considered to be divisible if the consideration is apportioned among the promises. *Texaco, Inc. v. Ponsoldt*, 939 F.3d 794, 801 (9th Cir. 1991) (applying California law). Courts will also sever an unenforceable promise from the remainder of the contract if it is "clearly ancillary to the contract as a whole." *Id.*

Here, Plaintiff agrees that one portion of the alleged agreement—the alleged right of first refusal in event of sale—may be a property right, but she argues that the joint promise for right of first refusal is severable from the remaining promises in the oral agreement. Even if true, the right of first refusal is not the only promise concerning property rights enumerated by Plaintiff: she argues the parties agreed to share in rights to access, possess, and exclude. (Opp., at 8:4-14.); *see* Cal. Code Civ. P. § 405.4 (defining "real property claim" as a cause of action "which would, if meritorious, affect. . . title to, or the right to possession of, specific real property"); *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 258 (2017) (noting right to exclude is "fundamental aspect of private property ownership"). Severance of the right of first refusal would leave these additional property rights in the oral agreement.

Plaintiff has further not pleaded facts to show that the oral agreement is "divisible." Plaintiff arguably provided consideration for the oral agreement in three ways: (1) the initial payment of $145,000; (2) monthly payments for half of the operating expenses; and (3) assisting with upkeep and maintenance. There is no clear, corresponding promise from Defendant to which each measure of consideration was apportioned. *See, e.g.*, *White Lighting Co. v. Wolfson*, 68 Cal.2d 336, 346 (1968) (finding contract divisible and excluding mutual promise for purchase of stock in exchange for $15,000 but enforcing promise for salary and travel expenses in exchange for term of employment).

Nor has Plaintiff pleaded that the property rights she seeks to vindicate are ancillary to her claims. Plaintiff's ouster from the Condo, and her corresponding loss of use, right to rent out, and right of first refusal are central to the SAC. Accordingly, the alleged oral agreement may not be enforced by severing the portions which violate the statute of frauds.

### D. Plaintiff Has Not Alleged California Residency as Required for her Elder Abuse Claim.

Plaintiff concedes she did not allege she was over 65 years old and a resident of California when the alleged elder abuse occurred.

Amendment to show Plaintiff resided in California at the relevant times would not necessarily destroy diversity jurisdiction, as Defendant contends. The relevant time for

9

determining diversity is the time of commencing the lawsuit, not the time of the alleged conduct. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (noting the "time-of-filing rule is hornbook law").

Therefore, the Court dismisses Plaintiff's claim for elder abuse, with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff may file an amended complaint within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

Dated: December 2, 2024

_____
JEFFREY S. WHITE
United States District Judge