UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE FULLOVE, | Case No. 24-cv-02616-JSW |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR BOND; MOTION FOR WRIT OF ATTACHMENT** |
| SHALUINN FULLOVE, | Re: Dkt. Nos. 43, 69 |
| Defendant. | |

Now before the Court is the motion for bond filed by Defendant Shaluinn Fullove, (Dkt. No. 43), and the motion for writ of attachment filed by Plaintiff Marianne Fullove, (Dkt. No. 69). The Court has considered the parties' papers, exhibits, relevant legal authority, and the record in this case, and it finds the matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, the Court DENIES both motions.

## BACKGROUND

As set forth in greater detail in the Court's order granting Defendant's motion to dismiss the Second Amended Complaint, (Dkt. No. 99), this dispute centers on a falling out between Plaintiff and Defendant which ultimately resulted in Plaintiff's alleged ouster from a shared condominium in Boulder, Colorado (the "Condo"). Plaintiff, who is Defendant's mother, alleges that she and Defendant agreed orally to purchase the Condo for personal use and as a potential future rental property.

The Condo is in Defendant's name only. Plaintiff wired Defendant $145,000 for a down-payment on a fifty percent interest in the property, but Defendant allegedly fraudulently induced Plaintiff to sign a later-dated promissory note to conceal the purpose of the transfer. Plaintiff paid fifty percent of monthly expenses for the Condo to Defendant between December 2019 and

1 │ September 2021.  She helped to decorate the Condo, attended an HOA meeting, and took care of

2 │ maintenance and repair issues.  In April 2024, Defendant told Plaintiff that Plaintiff was no longer

3 │ permitted to use the Condo.

4 │     The disputed promissory note includes the following provision regarding attorney fees: "If

5 │ action be instituted on this note, we promise to pay such sum as the Court may fix as attorney fee."

6 │ (*See* Dkt. No. 43-5, Ex. 1 to Declaration of Shaluinn Fullove, "Promissory Note (Unsecured)".)

7 │     Plaintiff brings six causes of action against Defendant: (1) financial elder abuse in

8 │ violation of California's Elder Abuse Act, Cal. Welf. & Inst. Code §§ 15600 *et seq.*; (2) breach of

9 │ express joint venture agreement; (3) breach of implied joint venture agreement; (4) breach of

10 │ fiduciary duty; (5) intentional misrepresentation; and (6) conversion.  Defendant moved to

11 │ dismiss, arguing that all of Plaintiff's claims are premised on an oral contract for a transfer of an

12 │ interest in land, which is barred by California's statute of frauds.  The Court agreed and granted

13 │ the motion, with leave to amend.

14 │ ### ANALYSIS

15 │     Both parties seek an order forcing the other to secure their property in the event of loss:

16 │ Defendant seeks an order requiring Plaintiff to post a bond for $750,000 for Defendant's

17 │ anticipated fees and costs through trial, and Plaintiff seeks an order attaching Defendant's assets in

18 │ the amount of $1,313,108.64 for Plaintiff's anticipated recovery, fees, and costs through trial.

19 │ **A.    The Court Denies Defendant's Motion for a Bond.**

20 │     District courts have inherent authority to require parties to post an undertaking at the outset

21 │ of litigation.  *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir.

22 │ 1994).  Courts typically "follow the forum state's practice with regard to security for costs."  *Id.*

23 │     Civil Local Rule 65.1 permits courts, "where authorized by law and for good cause

24 │ shown," to "require any party to furnish security for costs which can be awarded against such

25 │ party in an amount and on such terms as the Court deems appropriate."  Civ. L.R. 65.1(a).  As

26 │ relevant here, California Code of Civil Procedure section 1030 authorizes courts to order a non-

27 │ resident plaintiff to post "an undertaking to secure an award of costs and attorney's fees which

28 │ may be awarded in the action[.]"  Cal. Code Civ. P. § 1030(a).  The defendant must show that "[i]

United States District Court
Northern District of California

1    the plaintiff resides out of state or is a foreign corporation and that [ii] there is a reasonable

2    possibility that the moving defendant will obtain judgment in the action[.]"  *Id.* § 1030(b).

3        Here, the parties agree that Plaintiff resides outside of California.  Thus, Section 1030

4    authorizes the Court to require Plaintiff to post a security if it is "reasonably possible" that

5    Defendant will prevail.

6        However, district courts do not apply Section 1030 mechanically so "as to require every

7    out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because

8    there is a reasonable chance the defendant may prevail."  *BladeRoom Grp. Ltd. v. Facebook, Inc.*,

9    No. 5:15-cv-01370-EJD, 2018 WL 1989530, at *2 (N.D. Cal. Jan. 4, 2018) (quoting *Circle Click*

10    *Media LLC v. Regus Mgmt. Grp. LLC*, No. 3:12-cv-4000-SC, 2015 WL 6638929, at *16 (N.D.

11    Cal. Oct. 29, 2015)).  The purpose of Section 1030 "is to enable a California resident sued by an

12    out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs

13    against a person who is not within the court's jurisdiction" and "to prevent out-of-state residents

14    from filing frivolous lawsuits against California residents."  *Alshafie v. Lallande*, 171 Cal. App.

15    4th 421, 428 (2009) (quoting *Yao v. Superior Ct.*, 104 Cal. App. 4th 327, 331 (2002)) (internal

16    marks omitted).  If the Court finds that the purpose of the statute is not furthered, it will not

17    require a bond.

18        In determining whether security is appropriate, courts consider "(i) the degree of

19    probability/improbability of success on the merits, and the background and purpose of the suit; (ii)

20    the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective;

21    and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary

22    plaintiff's perspective."  *Simulnet*, 37 F.3d at 576 (quoting *Aggarwal v. Ponce School of Medicine*,

23    745 F.2d 723, 727-28 (1st Cir. 1984)).

24        The first factor, probability of success on the merits, is neutral.  The Court has granted

25    Defendant's motion to dismiss, with leave to amend.  The allegations and legal framing in the

26    anticipated third amended complaint remain to be seen.  It is possible that Plaintiff will not be able

27    to avoid the statute of frauds, as Defendant claims.  However, the record in this matter to date

28    makes clear that Plaintiff and Defendant disagree as to the validity and circumstances of the

United States District Court
Northern District of California

3

disputed promissory note and Plaintiff's interest or lack thereof in the Condo.  For example, Plaintiff insists that the promissory note was fraudulent and executed months after Plaintiff wired $145,000 to Defendant as a down payment on her 50 percent interest in the Condo, while Defendant insists that the promissory note memorialized a contemporaneous transaction.  The months-long gap between the wire transfer and the promissory note creates questions regarding the note's validity.  Although the Court has granted Defendant's motion to dismiss, the Court cannot say that the lawsuit is frivolous.

The background and nature of the suit are similarly neutral.  The Court has admonished both parties to be civil; this dispute is emotionally charged.  Plaintiff's original counsel made some questionable filing decisions, including publishing the name of a minor and withdrawing and refiling motions after Defendant responded.  However, the Court cannot conclude at this time that Plaintiff's purpose in bringing the suit is illegitimate or abusive.  Plaintiff contends that Defendant swindled over $200,000 by making misrepresentations—a sum that exceeds her annual pension.

The second factor, the reasonableness of the security from the Defendant's perspective, weighs in favor of Defendant.  Defense counsel represents that costs of prosecuting this action through summary judgment will exceed $900,000.  Defendant's request for a smaller security of $750,000 is a compromise, assuming that Defendant would be entitled to attorney's fees in the event she prevails.[1]

The third factor, reasonableness of the security from the Plaintiff's perspective, is neutral. Plaintiff does not dispute Defendant's claim that $750,000 is "well within [her] means."  (Dkt. No. 43, Mot. for Bond, at 13:19.)  Plaintiff instead contends that her "assets are more than sufficient to cover the . . . fees and costs claimed by Defendant" should Defendant prevail.  (Dkt. No. 61, Opp. to Mot. for Bond, at 7:1.)  Even so, the sum exceeds the equity Plaintiff possesses in her home and equates to approximately four years of Plaintiff's income.

Given that the factors are neutral or only slightly weigh in favor of Defendant, the Court

---

[1] The parties dispute whether attorneys' fees are available in this action.  Because the Court denies Defendant's motion on other grounds, and because briefing was minimal on this issue, it does not decide in this Order whether the prevailing party would be entitled to attorneys' fees.

United States District Court
Northern District of California

finds a bond inappropriate.  A bond will not further the objectives of Section 1030 by deterring frivolous suit or ensuring that a foreign plaintiff cannot avoid an award of fees and costs.

**B.     The Court Denies Plaintiff's Motion for a Writ of Attachment.**

Federal Rule of Civil Procedure 64 permits a district court to issue a writ of attachment if that remedy is available under the law of the forum state.  Fed. R. Civ. P. 64.  In California, attachment may be available if the claim has "probable validity," meaning "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."  Cal. Code Civ. P. § 481.190.

The Court has dismissed the Second Amended Complaint in its entirety.  Plaintiff has no pending claims on which "it is more likely than not" that she will prevail.  Accordingly, attachment is unavailable.

**CONCLUSION**

Defendant's Motion for Bond and Plaintiff's Motion for Writ of Attachment are denied, with prejudice.

**IT IS SO ORDERED.**

Dated: December 2, 2024

JEFFREY S. WHITE
United States District Judge